### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM T. JEFFREY, JR.**<br>3265 Comly Road<br>Philadelphia, PA 19154 | NO. _____ |
| *Plaintiff,* | CIVIL ACTION |
| **vs.** | JURY TRIAL DEMANDED |
| **THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. t/d/b/a THOMAS JEFFERSON UNIVERSITY HOSPITAL**<br>111 South 11th Street<br>Philadelphia, PA 19107 | |
| *Defendant.* | |

### COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1.     Plaintiff initiates this action to seek redress against Defendant for unlawful age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and other violations of applicable law.

### PARTIES

2.     Plaintiff is William T. Jeffrey, Jr. is an adult individual currently residing at the above captioned address.

3.     Defendant, Thomas Jefferson University Hospitals, Inc. t/d/b/a Thomas Jefferson University Hospital is believed to be a corporation that is created and existing pursuant to the

laws of the Commonwealth of Pennsylvania with a principal place of business at the above address.

4.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

5.     Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6.     Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7.     Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

8.     Defendant is also an "employer" under the Pennsylvania Human Relations Act because it maintains four ("4") or more employees.

## JURISDICTION and VENUE

9.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10.    The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

2

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### PROCEDURAL and ADMINISTRATIVE REMEDIES

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff has satisfied the procedural and administrative requirements for proceeding with a discrimination action.

16. Plaintiff cross-filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission and the Pennsylvania Human

Relations Commission alleging discrimination on or about January 6, 2016 (No. 530-2016-01470).

17.    The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC mailed on or about November 8, 2016.

18.    Plaintiff has exhausted administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

19.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20.    Plaintiff is an adult male with a date of birth of July 3, 1960.

21.    Plaintiff suffers from disability, namely bipolar disorder.

22.    Plaintiff worked for Defendant from July 8, 1985 until October 9, 2015 when he was pretextually terminated.

23.    Plaintiff's immediate supervisor was Edward Cullen.

24.    At all times relevant hereto, Cullen was aware that Plaintiff was diagnosed with bipolar disorder.

25.    Plaintiff received no warning prior to his evaluation.

26.    Plaintiff received no communications afterwards until he was told he had to reorient to another unit.

27.    From July 2014 until January 2015, Plaintiff was working on call in the CVIR.

28.    Plaintiff fractured his ankle on or about January 25, 2015 and was unable to work.

29.    Plaintiff returned, however, with a boot on or about April 20, 2015 and was assigned light duty.

4

30. Approximately two ("2") weeks later, while working in CVIR, Plaintiff informed his supervisor and the charge nurse that he did not feel that medication levels were adequate.

31. Plaintiff informed them that he had changed medicine prior to coming back to work and had gone home for the weekend (May 6).

32. When Plaintiff returned after the weekend, he worked on the 3rd floor with no issues.

33. Out of the blue and without cause, Plaintiff received on August 12, 2015 an unacceptable evaluation and was told he could not work in CVIR any longer.

34. Plaintiff was further informed that he could work in a position that was available half time on the 3rd floor/half MSK.

35. Plaintiff disputed his evaluation.

36. Plaintiff received no indication his job performance had declined in any way prior to the evaluation.

37. Plaintiff's supervisor said he would call HR to start the procedure to dispute the evaluation.

38. However, Plaintiff called HR himself two weeks later since he had heard nothing.

39. When Plaintiff met with HR (Collen Powell) she informed Plaintiff she had never heard from Plaintiff's supervisor.

40. Plaintiff was told by Powell that she would get back to him.

41. By September 2015, Plaintiff's supervisor mentioned to him in passing that he might have to go back to CVIR to dispute his evaluation.

42. Plaintiff then called Powell two times and left two messages.

43. Plaintiff received no response.

44.     On or about October 5, 2015, Plaintiff's supervisor informed him he had to reorient to CVIR.

45.     On or about October 9, 2015, on Plaintiff's first day of orientation, he was terminated.

46.     Upon information and belief, at the time of his termination Plaintiff was the longest tenured nurse in CVIR.

47.     Plaintiff was only one of three male nurses assigned to CVIR at the time he was unlawfully terminated by Defendant.

48.     Plaintiff was the only nurse forced to cover shortages in the CVIR.

49.     Other female nurses were not required to cover shortages.

## COUNT I
### ADEA Discrimination

50.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

51.     By virtue of age, the Plaintiff is in the class of persons protected by the ADEA.

52.     The foregoing conduct in terminating Plaintiff from his position and terminating him because of his age constitutes unlawful age discrimination against the Plaintiff.

53.     As a result of the Defendant's unlawful age discrimination, the Plaintiff has suffered damages as set forth herein.

## COUNT II
### Reverse Gender Discrimination in Violation of Title VII

54.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

55.     The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of gender.

56.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT III
### ADA Discrimination

57.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

58.     Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because Plaintiff had a record of such impairment.

59.     Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

60.     The foregoing conduct by Defendant constitutes unlawful discrimination and retaliation against Plaintiff on the basis of disability or perceived disability.

61.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT IV
### Pennsylvania Human Relations Act

62.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

63.     The foregoing discrimination by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

64.     As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against the Defendant and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from engaging in discrimination against Plaintiff on any other basis prohibited under applicable law;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendant's actions to the extent they are available as a matter of law.

f. Plaintiff is to be awarded double damages pursuant to 29 U.S.C. 626(b) for willful violations of the ADEA;

g. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

h. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

j. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

k. Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

l. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

m. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38(b)(1).

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: February 6, 2017